FILED
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 13 2026 ★
LONG ISLAND OFFICE

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

United States of America
v.
Pedro Merchant

Case No: 2:16-CR-00322-004 (JS)
USM No: 90305-053

Date of Original Judgment: 01/30/2019
Date of Previous Amended Judgment: ____________
*(Use Date of Last Amended Judgment if Any)*

Pro Se
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☑ DENIED.* ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of ____________ months **is reduced to** ____________.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

**First**: To the extent Defendant requests the Court correct his Presentence Investigation Report ("PSR"), the Court is without authority to amend the PSR post-sentencing. See United States v. Giaimo, 880 F.2d 1561, 1563 (2d Cir. 1989) (Criminal "Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a [PSR] after a defendant has been sentenced"); United States v. Smalling, 644 F. App'x 3, 4 (2d Cir. 2016) (same); United States v. Hernandez, No. 14-CR-0264, 2021 WL 3861486 (E.D.N.Y. Aug. 30, 2021) (same).
**Second**: To the extent Defendant seeks relief pursuant to Amendment 821, Part A, even assuming he is eligible for a criminal history score reduction because of the elimination of "status points", the relief Defendant seeks is foreclosed because the originally imposed sentence he is serving, i.e., 240 months' imprisonment, remains well-below what would be the amended Guidelines range, which in this instance would not be lowered by the retroactive amendment, remaining at 360-months-to-life imprisonment. See generally United States v. Laporta, No. 21-CR-0445, 2024 WL 1348691, at *1 (E.D.N.Y. Mar. 29, 2024) (in generally discussing the legal framework for sentence reductions, stating "where a defendant's original sentence imposed a term of imprisonment below the amended Guidelines range, that defendant is ineligible for a sentence reduction under [18 U.S.C.] section 3582(c)(2)" (citing United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021))."
**Third**: All remaining requested relief, to the extent not discussed herein, is DENIED.

Except as otherwise provided, all provisions of the judgment dated 01/30/2019 shall remain in effect.

**IT IS SO ORDERED.**

Order Date: November 13, 2026

/s/ Joanna Seybert
Judge's signature

Effective Date: ____________
*(if different from order date)*

JOANNA SEYBERT, Senior U.S. District Judge, EDNY
*Printed name and title*